NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOSE CONEJO,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2021-1347

---

Petition for review of the Merit Systems Protection Board in No. DC-1221-20-0852-W-1.

---

Decided:  September 1, 2021

---

JOSE CONEJO, Springfield, VA, pro se.

JEFFREY GAUGER, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by TRISTAN L. LEAVITT, KATHERINE MICHELLE SMITH.

---

Before TARANTO, HUGHES, and STOLL, *Circuit Judges.*

TARANTO, *Circuit Judge.*

Jose Conejo filed an Individual Right of Action (IRA) appeal with the Merit Systems Protection Board, alleging prohibited retaliation for whistleblowing. Specifically, he asserted that, while he worked for the Government Publishing Office (GPO, or agency), he was passed over for promotion and stripped of responsibilities in retaliation for raising concerns about agency personnel decisions and abuse of agency funds. The Board dismissed his complaint for lack of jurisdiction. Appx. 5–15; *see Conejo v. Gov't Publ'g Off.*, No. DC-1221-20-0852-W-1, 2020 MSPB LEXIS 4305 (M.S.P.B. Oct. 28, 2020). Mr. Conejo appeals. In agreement with the Board's position in the appeal, we vacate the Board's decision and remand the matter for further proceedings.

I

Mr. Conejo was employed by GPO as a human resources specialist from December 2013 until December 2019. On July 14, 2017, he filed a complaint with the Office of Special Counsel (OSC) pursuant to 5 U.S.C. § 1214(a)(1)(A), seeking corrective action for alleged "prohibited personnel practices" by GPO, namely, retaliation for whistleblowing, in violation of 5 U.S.C. § 2302(b)(8), (9). Appx. 56–79. Mr. Conejo alleged, among other things, that he was denied (temporary and permanent) promotion to the position of Chief Human Capital Officer after the incumbent retired, even though he was the most qualified for the role, because he made numerous disclosures criticizing GPO personnel decisions. Appx. 57–58.

Mr. Conejo's complaint to OSC listed "disclosures, retaliatory acts, and new disclosures in chronological order." Appx. 59. The list includes fifty-three instances related to use of government funds, nepotism in hiring, and retaliatory actions against other agency employees, for which Mr. Conejo asserted that he had "emails, phone logs, notes" and myriad other documents to support his version of the

events.  Appx. 78–79.  Mr. Conejo amended his OSC complaint several times to add information.  Appx. 95–98.

On September 29, 2017, while his OSC complaint was pending, Mr. Conejo spoke with a GPO equal-employment-opportunity (EEO) official.  He complained that he was overlooked for promotion "based on his race, national origin, and reprisal for filing a complaint against his previous [a]gency."  Supplemental Appendix (SAppx.) 46–48.  But on October 19, 2017, Mr. Conejo dropped that grievance in favor of pursuing his OSC complaint.  Appx. 83–84.[1]

On July 28, 2020, OSC found no sufficient basis to pursue a detailed investigation of Mr. Conejo's charges and so closed its file on the matter.  Appx. 105.  On September 9, 2020, Mr. Conejo filed an IRA appeal with the Board under 5 U.S.C. §§ 1214(a)(3)(A), 1221(a), attaching his original complaint to OSC.  SAppx. 55–70.  Five days later, the Board-assigned administrative judge directed Mr. Conejo to "file a statement, accompanied by evidence," to establish that the Board had jurisdiction over his IRA appeal.  SAppx. 77–79.

Mr. Conejo submitted his response on October 5, 2020.  Appx. 110–29.  He highlighted three actions taken by GPO that he viewed as retaliatory for protected disclosures: (1) electing not to appoint him to the position of Chief Human Capital Officer for an interim 90-day period; (2) electing not to appoint him permanently to the same position; and (3) stripping him of "[p]olicy functions and responsibilities" and decreasing his functional paygrade.  Appx. 125.  (For convenience, we refer to both items (1) and (2) as involving

---

[1]    In this court, Mr. Conejo has stated in his Form 10 submission that he did not present a discrimination charge to the Board.  ECF No. 11.

"promotion.")  Mr. Conejo also pointed to additional disclosures he asserted to be protected.  *See* Appx. 110–25.

The administrative judge dismissed Mr. Conejo's appeal for lack of jurisdiction on October 28, 2020.  Appx. 5–15.  Because the "prohibited personnel practices" under 5 U.S.C. § 2302(b) are tied to the definition of "personnel action" under 5 U.S.C. § 2302(a), the administrative judge focused on nine "personnel actions" asserted in Mr. Conejo's complaint to OSC, Appx. 9–10, and determined that "the only 'personnel action' described by [Mr. Conejo] that fits within the broad universe of actions listed in Section 2302(a) is [his] claim of a failure to hire or promote," Appx. 11.  But that claim, the administrative judge concluded, is based on "retaliation for filing a complaint with his prior employing agency," is "not an assertion of reprisal for disclosing illegality or mismanagement at his current agency," and is therefore not within the Board's jurisdiction for an IRA appeal.  Appx. 14–15.  In addition, stating that the Board has recognized that a "hostile environment" might constitute a "personnel action," Appx. 11 (citing *Savage v. Dep't of the Army*, 122 M.S.P.R. 612, 627 (M.S.P.B. 2015)), the administrative judge concluded that Mr. Conejo "fail[ed] to describe [a] working environment" that was "objectively severe and pervasive" so as to support a nonfrivolous allegation required for jurisdiction, Appx. 11–14.

The administrative judge's initial decision became the decision of the Board on December 2, 2020.  (We therefore now refer to the initial decision as the Board's decision.)  Mr. Conejo timely appealed.  Given that no discrimination claim was presented to the Board, *see supra* n.1, we have jurisdiction under 28 U.S.C. § 1295(a)(9).

II

A

We review the Board's determinations as to its jurisdiction de novo.  *Cahill v. Merit Systems Prot. Bd.*, 821 F.3d

1370, 1373 (Fed. Cir. 2016).  In an IRA appeal that asserts a whistleblower-protection violation, the Board's jurisdiction depends on the presence of a "non-frivolous allegation" that the appellant made disclosures or engaged in other protected activity within 5 U.S.C. § 2302(b)(8) or (b)(9)(A)(i), (B), (C), or (D), that the disclosures or protected activity were contributing factors in identified "personnel actions" under § 2302(a)(2)(A), and that the whistleblower charge was duly exhausted before OSC.  *See Hessami v. Merit Systems Prot. Bd.*, 979 F.3d 1362, 1367 (Fed. Cir. 2020); *Cahill*, 821 F.3d at 1373; *see also Yunus v. Dep't of Veterans Affs.*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

Under § 2302(b)(8), the subject of an employee's "whistleblowing" must be activity that the employee "reasonably believes evidences–(i) any violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety."  5 U.S.C. § 2302(b)(8). In § 2302(b)(9)(A)(i), Congress provided protection against "retaliation for exercising any appeal, complaint, or grievance right relating to whistleblowing" as defined in § 2302(b)(8).  *Young v. Merit Systems Prot. Bd.*, 961 F.3d 1323, 1329 (Fed. Cir. 2020).  Congress underscored the needed link to § 2302(b)(8)'s definition of "whistleblowing" by adding, in § 2302(b)(9)(A)(ii), that "exercis[ing] any appeal, complaint, or grievance right . . . other than with regard to remedying a violation of [§ 2302(b)(8)]" is not within the Board's jurisdiction over IRA appeals.  5 U.S.C. § 2302(b)(9)(A)(ii); *see also Young*, 961 F.3d at 1329 (collecting cases).  For the jurisdictional inquiry applying these standards, we have held that "whether the appellant has non-frivolously alleged protected disclosures that contributed to a personnel action must be determined based on whether the employee alleged sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Hessami*, 979 F.3d at 1369.

## B

The dispositive defect in Mr. Conejo's IRA appeal, the Board concluded, was that he had not met "even the low bar required to identify an act" that comes within § 2302(a)'s definition of "personnel action." Appx. 11. The Board considered nine actions Mr. Conejo had identified; deemed eight of them insufficiently pled, Appx. 11–13; and concluded that the ninth (denial of promotion) was not really about retaliation for disclosures but instead was based on earlier discrimination claims (which are not actionable in the IRA appeal), Appx. 13–15. We conclude that the determination of no jurisdiction was error, at least as to the denial of promotion, and that a remand is warranted.

It is clear, and the Board did not deny, that a "promotion" is a "personnel action." 5 U.S.C. § 2302(a)(2)(A)(ii); *see also* § 2302(a)(2)(A)(i) ("appointment"). It is likewise clear, and the Board did not deny, that the Board had jurisdiction over Mr. Conejo's IRA appeal if—as Mr. Conejo alleged in his OSC complaint (Appx. 58) and in response to the Board's order to establish jurisdiction (Appx. 125)—he sufficiently alleged that he was denied a promotion in retaliation for protected disclosures, as specified in § 2302(b)(8) and (9). The Board concluded, however, that Mr. Conejo's allegation concerning denial of promotion did not allege retaliation on that basis, but, instead, alleged retaliation only based on his having filed an EEO complaint—which is a form of retaliation that is outside an IRA appeal. Appx. 14–15; *see, e.g.*, 5 U.S.C. § 2302(b)(9)(A)(ii); *Young*, 961 F.3d at 1329 ("Allegations of retaliation for exercising a Title VII right, however, do not fall within the scope of section 2302(b)(8)."; "Retaliation for filing those other types of complaints is remediable through different mechanisms, and not by an IRA appeal to the Board.") (collecting cases and examples); *Serrao v. Merit Systems Prot. Bd.*, 95 F.3d 1569, 1576 (Fed. Cir. 1996); *Spruill v. Merit Systems Prot. Bd.*, 978 F.2d 679, 689 (Fed. Cir. 1992).

The decisive problem with the Board's decision is that it improperly characterizes Mr. Conejo's allegation regarding denial of promotion as limited to retaliation for EEO activity to the exclusion of whistleblowing activity. The former, even if present, does not necessarily exclude the latter. *Cf. Ellison v. Merit Systems Prot. Bd.*, 7 F.3d 1031, 1035 (Fed. Cir. 1993) ("[T]he fact that Ellison filed a grievance action through agency procedures in response to the contested personnel action did not in and of itself disqualify him from pursuing corrective action under the WPA as well."). Here, Mr. Conejo nowhere alleged that the agency's actions were only in retaliation for the filing of his EEO complaint on September 27, 2017. Rather, he identified fifty-three instances of allegedly "protected disclosures" as giving rise to the purportedly retaliatory agency actions, including the denial of temporary and permanent promotion. *See* Appx. 56–58 (OSC complaint); *see also* Appx. 107, 127 (incorporating OSC complaint). The presence of those allegations is not negated by the fact that Mr. Conejo also suggested that his EEO complaint "was a contributing factor in" GPO's "not selecting [him] for the position of Chief Human Capital Officer." Appx. 95 (Conejo attempting to amend his OSC complaint). As the Board agrees in this court, it is improper to overlook the allegations regarding the non-EEO-related disclosures, and those allegations must be analyzed to determine if they meet the standards of a non-frivolous allegation of all elements required for coverage under § 2302(b)(8) and (9). *See* Board Br. at 10.

Whether or not we could resolve that issue ourselves, we deem it appropriate in this case to leave the analysis to the Board in the first instance. *See McLaughlin v. Merit Systems Prot. Bd.*, 853 F. App'x 648, 650 (Fed. Cir. 2021); *Hessami*, 979 F.3d at 1371; *Holderfield v. Merit Systems Prot. Bd.*, 326 F.3d 1207, 1209–10 (Fed. Cir. 2003). We vacate the Board's decision and remand the matter.

We do not restrict the scope of proceedings on remand to only those issues we discuss in this opinion. Our

disposition here leaves it to the Board to determine what issues, beyond those we expressly discuss, have been properly preserved and should be addressed. *See* Board Br. at 11 ("On remand, the administrative judge will also have the opportunity to consider the other issues that Mr. Conejo has raised in his brief."). We mention one additional issue. The Board determined that Mr. Conejo exhausted his administrative remedies by presenting to OSC the same challenges he raised in his IRA appeal. Appx. 11. The Board should clarify whether Mr. Conejo duly exhausted not only his claims involving the denial of temporary and permanent promotion, but also any other claims that are part of the IRA appeal—*e.g.*, the curtailment-of-responsibilities claim that he told the Board he had sought to add to his OSC complaint on March 24, 2018. *See* Appx. 125, 128. If exhausted, the claim should be analyzed under the standard for determining Board jurisdiction. *See* Board Br. at 11 n.5 (noting Mr. Conejo's argument that the Board did not address this claim).

## III

For the forgoing reasons, we vacate the Board's dismissal and remand for further proceedings.

Costs awarded to Mr. Conejo.

**VACATED AND REMANDED**